Electronically Filed - St Louis County - June 16, 2025 - 01:21 PM

**STATE OF MISSOURI**
**TWENTY FIRST JUDICIAL CIRCUIT COURT**
**CIRCUIT COURT OF ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **DAVID CLARK** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **ANTHONY CROSS** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  3009 Dakota Street 1FE | ) | |
| St. Louis, MO 63111 | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION

COMES NOW, Plaintiff David Clark ("Plaintiff"), by and through his undersigned counsel, Gregory D. Vescovo Jr., of Morgan & Morgan, P.A., and for his cause of action against Defendant, Anthony Cross ("Defendant"), states to the Court as follows:

### PARTIES

1.     At all times relevant hereto, Plaintiff David Clark was and is a citizen and resident of the State of Missouri.

2.     At all relevant times hereto, Defendant Anthony Cross was and is a citizen and resident of the State of Missouri.

### VENUE AND PERSONAL JURISDICTION

3.     Venue is proper in the Circuit Court of St. Louis County pursuant to MO. REV. STAT. § 508.010 because Plaintiff was first injured in St. Louis County.

4.     Jurisdiction is proper over the Defendant in the State of Missouri pursuant to at least MO. REV. STAT. § 506.500 because Defendant committed tortious acts herein described within the State of Missouri.

1

Electronically Filed - St Louis County - June 16, 2025 - 01:21 PM

## FACTUAL ALLEGATIONS

5. That on or about January 15, 2025, Plaintiff was a passenger in a vehicle being operated in St. Louis County, Missouri by Defendant Anthony Cross.

6. That on or about January 15, 2025, Defendant was operating a motor vehicle in St. Louis County, Missouri.

7. That Defendant failed to yield to the vehicle in front of him.

8. That as a result Defendant rear ended non party's vehicle.

9. That Plaintiff did not have a chance to avoid Defendant's loss of control of the vehicle due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff as Plaintiff was a passenger.

10. The injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Defendant in at least the following respects, to wit:

    a. Defendant failed to exercise the highest degree of care to keep a careful lookout while operating his vehicle;

    b. Defendant failed to exercise the highest degree of care when he failed to swerve with an appropriate distance and speed to avoid the collision;

    c. Defendant failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have stopped, but failed to do so;

    d. Defendant failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have slackened speed, but failed to do so;

    e. Defendant failed to exercise the highest degree of care by knowing that

Electronically Filed - St Louis County - June 16, 2025 - 01:21 PM

there was a reasonable likelihood of collision and thereafter could have sounded a warning, but failed to do so;

11.    That each and all of the aforesaid acts and violations of law by Defendant, both of commission and of omission, were negligent and constituted negligence.

12.    That each and all of the aforesaid acts and violations of law by Defendant, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

13.    That as a direct and proximate result of the aforesaid acts by Defendant, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries his head, neck, face, and eye.

14.    That as a direct and proximate result of the aforesaid acts by Defendant, both of omission and commission, Plaintiff has suffered, and will hereafter suffer, physical pain.

15.    That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

16.    That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff David Clark prays for a judgment against Defendant Anthony Cross, in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Dated: June 16, 2025                                    Respectfully Submitted,

                                                                          */s/ Gregory D. Vescovo, Jr.,*
                                                                          Gregory D. Vescovo #63302

Electronically Filed - St Louis County - June 16, 2025 - 01:21 PM

**Morgan & Morgan, P.A.**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-955-1032
Fax: 314-955-1056
Email: gvescovo@forthepeople.com
**ATTORNEY FOR PLAINTIFF**